In the Matter of the Petition of JAMES E. DOHERTY to Prove the Last Will and Testament of MARY D. SLATER, Deceased. CATHERINE GARTLAND, as General Guardian and Trustee of MARGARET GARTLAND, an Infant, Devisee in the Alleged Will, Appellant; MABEL CULVER and Others, Heirs at Law and Next of Kin of Decedent, Respondents.— The decision of this court handed down November 10, 1930, ▓ is hereby amended to read as follows: Decree of the Surrogate's Court of Queens county denying probate to a paper propounded as the will of Mary D. Slater, deceased, unanimously affirmed, with costs to respondents, payable out of the estate. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.

WILLIAM J. JESBERGER, INC., Respondent, v. HAWKINS ASSOCIATES, INC., and Others, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.

GEORGE E. KETCHAM, Appellant, v. MARY ANN HEISER and AUGUST HEISER, Respondents, and HENRY W. KETCHAM, Defendant.— Judgment unanimously affirmed, with costs. No opinion. Finding of fact numbered 1 is stricken out as unnecessary to the determination. Present — Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ.

OSCAR KRASHES, Appellant, v. NEW AMSTERDAM CASUALTY COMPANY, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Scudder, JJ.

HENRY L. KRAUSHAR, Appellant, Respondent, v. ADE REALTY CORPORATION, Respondent, Appellant.— On reargument, the court adheres to the decision handed down on July 24, 1930 (230 App. Div. 765). Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

JOSEPH MACK, Appellant, v. BROOKLYN CITY RAILROAD COMPANY, Respondent. — Judgment dismissing complaint at the close of plaintiff's case affirmed, with costs. The relation of passenger and carrier had ceased at the time of the assault. Lazansky, P. J., Kapper, Hagarty and Scudder, JJ., concur; Carswell, J., dissents and votes for reversal and a new trial, with the following memorandum: The conductor's threat, " I will get the fare out of you anyway," and his later statement, " Now I am going to get the nickel out of you, anyway," made at the time he delivered the blow (folios 98–100), were sufficient to raise an issue on the question whether or not at the time of the assault he was acting as defendant's agent; that is, whether or not on the latter occasion, while he was off the car, he was engaged in attempting to enforce his earlier declaration, made while on the car, for and on behalf of the defendant and in furtherance of the branch of its business intrusted to him by defendant in its dealings with the plaintiff.